The **TELEPHONE USERS ASSOCIA-TION, INC.**, Appellant,

v.

**FEDERAL COMMUNICATIONS COM-MISSION**, Appellee.

No. 20396.

United States Court of Appeals District of Columbia Circuit.

Argued March 9, 1967.

Decided March 24, 1967.

Mr. Arthur S. Curtis, Washington, D. C., for appellant.

Mr. William L. Fishman, Counsel, F. C. C., with whom Messrs. Henry Geller, Gen. Counsel, and John H. Conlin, Associate Gen. Counsel, F. C. C., were on the brief, for appellee. Mr. Robert D. Hadl and Mrs. Lenore G. Ehrig, Counsel, F. C. C., also entered appearances for appellee.

Before PRETTYMAN, Senior Circuit Judge, and FAHY and WRIGHT, Circuit Judges.

PER CURIAM: ·

Appellant alleges that it is an association of individual telephone users which has been denied the right to intervene in the Federal Communications Commission's general investigation into the lawfulness of service charges by the American Telephone and Telegraph Company. *See* In re American Telephone & Telegraph Co., 2 F.C.C.2d 871 (1965), and 30 Fed.Reg. 13885-6 (1965). Under the Commission's rules, persons wishing to intervene as parties to the proceeding had 30 days from November 2, 1965, to file petitions for leave to intervene. *See* 47 C.F.R. § 1.223(b) (Supp.1966). Appellant filed its petition June 1, 1966. Pursuant to 47 C.F.R. § 1.223(d), the prohibition against tardy submission may in the discretion of the Commission be lifted if "good cause" excuses the tardiness. But in this case the Commission's Telephone Committee found, and the Commission itself confirmed, that appellant had failed to show good cause for being six months late in filing its petition to intervene.

██ While undoubtedly the general public who pay telephone bills have standing to intervene or be represented in a telephone rate proceeding before the Commission, the Commission may promulgate reasonable regulations outlining the ground rules covering such interventions. *See* Office of Communication of United Church of Christ v. F. C. C., 123 U.S.App.D.C. 328, 339-340, 359 F.2d 994, 1005-1006 (1966). Since appellant does not attack the reasonableness of the Com-

mission's rules, and since the record supports the Commission's determination that appellant did not adequately explain its delay, we cannot say that the Commission abused its discretion in denying the petition as untimely.

Affirmed.